**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **KENNETH L. MCGOWAN,** ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:15-CV-1640-M-BH |
| ) | |
| **JEH JOHNSON, Secretary, Department** ) | |
| **of Homeland Security, et al.,** ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this *pro se in forma pauperis* case has been automatically referred for pretrial management. Before the Court is the plaintiff's *Request Motion for Default Judgment*, filed August 19, 2015 (doc. 25). Based on the relevant filings and applicable law, the motion should be **DENIED**.

### I. BACKGROUND

On May 12, 2015, the plaintiff filed this *pro se* employment action against the defendants. (*See* doc. 3.) After a determination that he did not qualify for *in forma pauperis* status, he paid the filing fee. (*See* docs. 7, 9.) Summonses were issued for the defendants on June 1, 2015. (*See* doc. 10.) The plaintiff filed a proof of service for the defendant on June 22, 2015, that appears to show that he sent a package to the defendant via UPS Ground shipment. (*See* doc. 14.) The summons was addressed to an address in Oak Harbor, WA, and a package was delivered to Burlington, WA. (*See* doc. 14.) From the complaint, it appears that the address is a work address. (*See* doc. 3 at 2.)

The defendant has not filed an answer or otherwise responded to the plaintiff's complaint. On August 18, 2015, the plaintiff moved for entry of a default judgment. (*See* doc. 25.)

### II. ANALYSIS

The plaintiff moves for entry of default judgment pursuant to Fed. R. Civ. P. 55 based on the

defendants' failure to timely file an answer to his complaint.

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. There is a three-step process for securing a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise". *See id.*; *N.Y. Life Ins.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quotation omitted). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id.* Consequently, default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam). The decision to enter a judgment by default is within the Court's discretion. *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004).[1]

"Until the plaintiff serves the defendant, the defendant has no duty to answer the complaint and the

---

[1] Courts consider numerous factors in deciding whether to grant a motion for default judgment. *Flores v. Koster*, No. 3:11-CV-0726-M-BH, 2013 WL 432908, at *2 (N.D. Tex. Jan. 2, 2013) (citing 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed. 1998)). These factors include: (1) the amount of money involved; (2) whether there are material issues of fact or issues of substantial public importance at stake; (3) whether the default is technical in nature; (4) the extent of prejudice to the plaintiff due to the delay if the motion is denied; (5) whether the grounds for default are clearly established; (6) the harsh effect of a default judgment; (7) whether the default resulted from a good faith mistake or excusable neglect on the defendant's part; (8) whether the plaintiff's actions contributed to delay; and (9) whether the court would be obligated to set aside the default on motion by the defendant. *Id.*; *see also Stelax Indus., Ltd.*, 2004 WL 733844, at *11 (citing WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2685).

plaintiff cannot obtain a default judgment." *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999); *accord Broadcast Music, Inc. v. M.T.S. Enter., Inc.*, 811 F.2d 278, 282 (5th Cir.1987) ("No person need defend an action nor suffer judgment against him unless he has been served with process and properly brought before the court."). Absent proper service of process, a court lacks personal jurisdiction over the defendant, and any default judgment against the defendant would be void. *See Rogers*, 167 F.3d at 940 (citing Fed. R. Civ. P. 60(b)(4)). Rule 4(c) of the Federal Rules of Civil Procedure places the burden on the plaintiff to ensure that defendants are properly served with summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). A plaintiff has the burden to ensure that the defendants are properly served with summons and a copy of the complaint. Fed. R. Civ. P. 4(c). A return of service is *prima facie* evidence of the manner of service. *Nabulsi v. Nahyan*, No. H–06–2683, 2009 WL 1658017, at *4 (S.D. Tex. June 12, 2009), *aff'd* 383 F. App'x 380 (5th Cir. 2010) (per curiam).

In this case, the plaintiff moved for default judgment before obtaining entry of default, and he has failed to establish default. Rule 4(c)(2) specifically provides that "[a]ny person who is at least 18 years old *and who is not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). Here, the proof of service appear to reflect that the plaintiff, who is a party to this action, attempted to serve the defendant himself. He has therefore not properly served the defendant.

In addition, the proof of service does not reflect that the plaintiff complied with the requirements of Rule 4(e) for service of process on an individual. It provides that an individual may be served by:

>(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>(2) Doing any of the following:
>>(A) delivering a copy of the summons and of the complaint to the individual personally;
>>(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

 Because the plaintiff has not established a default due to lack of proper service, and no default has been entered, entry of default judgment is not warranted.

### III.  RECOMMENDATION

The plaintiff's motion for default judgment should be **DENIED**.

**SIGNED this 21st day of August, 2015.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

 A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE