\   IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENNETH L. MCGOWAN,                )  | |
|     Plaintiff,                          )  | |
| vs.                                              )  | No. 3:15-CV-1640-M-BH |
|                                                     )  | |
| JEH JOHNSON, Secretary, Department )  | |
| of Homeland Security, et al.,           )  | |
|     Defendants.                      )  | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this *pro se* case has been automatically referred for pretrial management. Before the Court is the plaintiff's *Request for Summary Judgment*, filed June 27, 2016 (doc. 36). Based on the relevant filings and applicable law, the motion should be **DENIED**.

## I. BACKGROUND

On May 12, 2015, the Kenneth L. McGowan (Plaintiff) filed this *pro se* employment action against Secretary of Homeland Security Jeh Johnson and Mark Schwartz, Keith Jones, Chad Tetreault, John Sauer, Larry Turner, Leslie Hope, Mark Caldwell, and Sue O'Hare (Defendants). (doc. 3 at 2.)[1] He generally alleges "[r]etaliation for whistle blower [sic], bull[y]ing in the work place [sic], managing by intimidation, harassment in the work place [sic], discrimination again[st] military veteran/disable[d] veterans, received threats in the work place [sic], hostile work environment, unsafe work environment," retaliation for filing an EEO complaint, defamation, and abuse.[2] (doc. 3 at 1, 3-23.) Plaintiff appears to sue Secretary Johnson in his official capacity, and to sue the remaining defendants in their individual and official capacities. (*See* docs. 3; 36 at 3.)

Plaintiff paid the filing fee, and summonses were issued on June 1, 2015. (*See* docs. 7, 9,

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] On January 25 and March 1, 2016, Plaintiff filed documents that appear to update and amend parts of his original complaint. (docs. 30, 32.)

10.) Plaintiff filed proofs of service on June 22, 2015, and July 27, 2015, showing that he sent packages to Defendants via UPS Ground shipment. (*See* docs. 12-15, 17-18.) He moved for default judgment against some Defendants on August 10, 2015, and August 19, 2015. (docs. 21, 22, 25.) The clerk declined to enter default because "service does not appear to comply with the elements of FRCP 4(c)(2)." (doc. 20)  His motions for default judgment were denied. (docs. 24, 26-28.)

Summonses were reissued for Defendants on January 25, 2016 (doc. 29).  He filed proofs of service on March 1, 2016, showing that a private process server served the summonses and complaints on a staff attorney for the Department of Homeland Security (DHS). (*See* doc. 31 at 1, 3, 5, 7, 9, 11, 13.)  On March 11, 2016, he received a letter from the United States Attorney's Office for the Northern District of Texas, informing him:

> under Rule of Civil Procedure 4(i)(3), when a United States officer or employee is sued for an alleged act or omission occurring in connection with duties performed on behalf of the United States, there must be service on both employee **and** the United States.  Generally speaking, the United States may be served by: (1) delivering a copy of the summons and other necessary documents to the United States Attorney for the district where the lawsuit is brought or sending copies by registered or certified mail to the civil-process clerk at the United States Attorney's office; and (2) sending copies by registered or certified mail to the Attorney General of the United States at Washington, D.C.  See Fed. R. Civ. P. 4(i)(1).  Please note that under the rules, service on both the employee and the United States Attorney must be accomplished before the time period to formally respond to the lawsuit is triggered.  See Fed. R. Civ. P. 12(a)(3).  Therefore, as things presently stand, although the lawsuit has been filed, it still has not been fully served so as to require any of the defendants to formally respond to your complaint.

(doc. 37-1 at 1-2) (emphasis in original).

On June 27, 2016, Plaintiff filed receipts and tracking printouts showing that he mailed packages to Assistant United States Attorney T.J. Johnson at the United States Attorney's Office for the Northern District of Texas and Attorney General Loretta Lynch at the Department of Justice in Washington, D.C. via UPS Ground shipment on March 21, 2016. (doc. 37.)

On June 27, 2016, Plaintiff moved for summary judgment. (doc. 36.)  On July 27, 2016,

Defendants filed a notice of deficient service. (doc. 39.)

## II. NATURE OF MOTION

Plaintiff moves for summary judgment on all of his claims against all Defendants on grounds that they have not responded or otherwise defended the case. (doc. 36 at 1, 3.) "[A] court is not bound by how a party labels its motion." *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 560 (5th Cir. 2003). Relief to be granted is determined by a motion's substance. *See id.; Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc) (citing cases). Because Plaintiff seeks relief based on Defendants' failure to respond or otherwise defend the lawsuit, his *pro se* motion is liberally construed as a motion for default judgment under Fed. R. Civ. P. 55 instead of as a motion for summary judgment under Fed. R. Civ. P. 56.

## III. DEFAULT JUDGMENT

Plaintiff moves for entry of a final judgment in his favor because of Defendants' failure to respond in a timely manner after service. (doc. 36 at 2.)

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. There is a three-step process for securing a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise." *See id.; N.Y. Life Ins.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam) (quoting *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n.*, 874 F.2d 274, 276 (5th Cir.

1989)). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id*. (quotation omitted). Consequently, default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam). The decision to enter a judgment by default is within the Court's discretion. *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004).[3]

"Until the plaintiff serves the defendant, the defendant has no duty to answer the complaint and the plaintiff cannot obtain a default judgment." *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999); *accord Broadcast Music, Inc. v. M.T.S. Enter., Inc.*, 811 F.2d 278, 282 (5th Cir.1987) ("No person need defend an action nor suffer judgment against him unless he has been served with process and properly brought before the court."). Absent proper service of process, a court lacks personal jurisdiction over the defendant, and any default judgment against the defendant would be void. *See Rogers*, 167 F.3d at 940 (citing Fed. R. Civ. P. 60(b)(4)). Rule 4(c) of the Federal Rules of Civil Procedure places the burden on the plaintiff to ensure that defendants are properly served with summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). A plaintiff has the burden to ensure that the defendants are properly served with summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1); *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344,

---

[3] Courts consider numerous factors in deciding whether to grant a motion for default judgment. *Flores v. Koster*, No. 3:11-CV-0726-M-BH, 2013 WL 432908, at *2 (N.D. Tex. Jan. 2, 2013) (citing 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed. 1998)). These factors include: (1) the amount of money involved; (2) whether there are material issues of fact or issues of substantial public importance at stake; (3) whether the default is technical in nature; (4) the extent of prejudice to the plaintiff due to the delay if the motion is denied; (5) whether the grounds for default are clearly established; (6) the harsh effect of a default judgment; (7) whether the default resulted from a good faith mistake or excusable neglect on the defendant's part; (8) whether the plaintiff's actions contributed to delay; and (9) whether the court would be obligated to set aside the default on motion by the defendant. *Id.*; *see also Stelax Indus., Ltd.*, 2004 WL 733844, at *11 (citing WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2685).

1346 (5th Cir. 1992). A return of service is *prima facie* evidence of the manner of service. *Nabulsi v. Nahyan*, No. H–06–2683, 2009 WL 1658017, at *4 (S.D. Tex. June 12, 2009), *aff'd* 383 F. App'x 380 (5th Cir. 2010) (per curiam).

A.      **Individual Defendants**

Rule 4(e) for service of process on an individual provides that an individual may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) Doing any of the following:
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Under Texas law, any person authorized by Tex. R. Civ. P. 103[4] may serve process by "(1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." Tex. R. Civ. P. 106(a).

Additionally:

> To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (*whether or not the officer or employee is also sued in an official capacity*), a party must serve the United States *and* also serve the officer or employee under Rule 4(e), (f), or (g).

---

[4] In Texas, process "may be served anywhere by (1) any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified under order of the Supreme Court." Tex. R. Civ. P. 103. "But no person who is a party to or interested in the outcome of a suit may serve any process in that suit." *Id.*

Fed. R. Civ. P. 4(i)(3) (emphasis added). To serve an employee sued in an *official capacity*, "a party must serve the United States *and* also send a copy of the summons and the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2) (emphasis added).

Here, Plaintiff contends that "defendants have all been served with a copy of the Complaint." (doc. 36 at 1.) The affidavits of service reflect that the complaints and summonses were served on a staff attorney for the Department of Homeland Security at what appears to be an official work address. (*See* doc. 31 at 1, 3, 5, 7, 9, 11, 13.) Personal service is defined as "[a]ctual delivery of the notice or process to the person to whom it is directed." *Impala African Safaris, LLC v. Dallas Safari Club, Inc.*, No. 3:13–CV–2175–G, 2015 WL 5076757, at *3 (N.D. Tex. Aug. 27, 2015) (quoting *Black's Law Dictionary* (10th ed. 2014)); *accord U.S. v. Irigoyen*, No. C–06–288, 2006 WL 3513807, at *1 (S.D. Tex. Dec. 5, 2006) ("The Federal Rules of Civil Procedure require that the summons and complaint be delivered to the defendant personally. Because the process server handed the documents to someone other than the defendant, personal service was not accomplished.") (internal citation omitted). Plaintiff has not shown that any of the individual defendants were personally served, that service was accomplished at their residences, or that the staff attorney was authorized to accept service on their behalf in accordance with Rule 4(e)(2)(C). (*See id.*) Nor has he shown that he properly served the United States as required by Fed. R. Civ. P. 4(i)(3).

**B.    United States**

When serving the United States, a party must:

(A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought–or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk–or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; [and] (B) send

6

a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

Fed. R. Civ. P. 4(i)(1)(A)-(B). Rule 4(c)(2) provides that "[a]ny person who is at least 18 years old and *who is not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added).

Here, Plaintiff attempted service on the United States by mailing packages to Attorney General Lynch and AUSA Johnson via UPS Ground. (*See* doc. 37.) As noted by other federal district courts, "while Rule 4(i) may govern *how* service may be effected in a suit against the United States, it does not change Rule 4(c)(2)'s requirements governing *who* may effect service." *Otto v. United States*, No. 5-2319 (GK), 2006 WL 2270399, at *2 (D.D.C. June 28, 2006) (emphasis in original) (citing cases); *accord Perkel v. United States*, No. C 00-4288 SI, 2001 WL 58964, at *1 (N.D. Cal. Jan. 9, 2001) ("The Court finds that while Rule 4(i)(1) describes *how* service can be effectuated against the United States, it does not change *who* can effectuate service as defined by Rule 4(c)(2)."). Because Plaintiff attempted service on the United States himself, and he did not serve the United States through registered or certified mail, he failed to comply with the service requirements of Rule 4(i).

### III. RECOMMENDATION

The plaintiff's motion for default judgment should be **DENIED**.

**SIGNED this 1st day of August, 2016.**

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

7

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                              IRMA CARRILLO RAMIREZ
                                                                      UNITED STATES MAGISTRATE JUDGE