# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH L. MCGOWAN, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 3:15-CV-01640-M-BH |
| | § | |
| JEH JOHNSON, Secretary, Department | § | |
| of Homeland Security, et al., | § | |
| | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this *pro se* case has been automatically referred for full case management. Before the Court is the defendants' *Motion to Dismiss for Failure to Make Proper Timely Service,* filed October 17, 2016 (doc. 60). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

## I. BACKGROUND

On May 12, 2015, Kenneth L. McGowan (Plaintiff) filed this *pro se* employment action against U.S. Secretary of Homeland Security Jeh Johnson, Mark Schwartz, Keith Jones, Chad Tetreault, John Sauer, Larry Turner, Leslie Hope, Mark Caldwell, and Sue O'Hare (Defendants) based on his termination in June 2013. (doc. 3 at 2, 5.)[1] He generally alleges "[r]etaliation for whistle blower [sic], bull[y]ing in the work place [sic], managing by intimidation, harassment in the work place [sic], discrimination again[st] military veteran/disable[d] veterans, received threats in the work place [sic], hostile work environment, unsafe work environment," retaliation for filing an EEO complaint, defamation, and abuse. (doc. 3 at 1.)

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

After a finding that he did not qualify for *in forma pauperis* status, Plaintiff paid the filing fee on May 20, 2016. (*See* docs. 7, 9.) The next day, the Court issued an order stating, in relevant part:

> Because he paid the fee, the plaintiff is now responsible for serving each defendant with a summons and a copy of the complaint in this case as provided by Rule 4(c) of the Federal Rules of Civil Procedure. If defendants are not served within 120 days after the filing of the complaint, the action is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m). In addition, Fed. R. Civ. P. 4(l)(1) requires the plaintiff to file proof of service with the Court unless service is waived. This proof must consist of "the server's affidavit" if service was not effected by the United States Marshal or a deputy marshal. *Id.* If a plaintiff does not file a valid return of service or otherwise show that each defendant was properly served, this action may be dismissed against that defendant.

(*See* doc. 9.) The order also directed the clerk to mail the plaintiff summons forms and a copy of Rule 4. (*Id.*) Copies of the summons form and Rule 4 were served with the order. (*Id.*)

Summonses were issued on June 1, 2015. (*See* doc. 10.) Plaintiff filed proofs of service on June 22, 2015, and July 27, 2015, showing that he sent packages to Defendants via UPS Ground shipment. (*See* docs. 12-15, 17-18.) On August 10, 2015, and August 19, 2015, he requested entry of default and default judgment against all but two defendants. (*See* doc. 19.) The Clerk declined to enter default because "service does not appear to comply with the elements of FRCP 4(c)(2)." (*See* doc. 20.) The recommendations that his motions for default judgment be denied noted that service was deficient because the plaintiff had attempted to serve the defendants himself, although as a party he was precluded from doing so by Rule 4(c)(2), and he had not complied with the requirements of Rule 4(e) for service on an individual. (*See* doc. 24 at 3-4; 26 at 3-4.) His motions for default judgment were denied on September 15, 2015. (docs. 27-28.)

On January 25, 2016, summonses were reissued for Defendants. (doc. 29.) Plaintiff filed proof of service on March 1, 2016, showing that a private process server served the summonses and

complaints on a staff attorney for the Department of Homeland Security (DHS). (*See* doc. 31 at 1, 3, 5, 7, 9, 11, 13.) On March 10, 2016, and June 27, 2016, he moved for summary judgment against all defendants based on their alleged failure to answer. (docs. 34, 36, 37.) On July 27, 2016, Defendants filed a *Notice of Deficient Service*, contending that Plaintiff had not properly served them, and that their deadlines to respond had therefore not been triggered. (doc. 39.) The notice pointed out that Plaintiff had been advised in several orders, as well in as a letter from Defendants' attorney dated March 11, 2016, how service of process was deficient. (*Id.* at 2; *see also* doc. 37-1.) On August 1, 2016, it was recommended that the summary judgment motion be construed as a motion for default judgment and denied. (docs. 38, 40). The recommendation again noted that Plaintiff had not properly served the individual defendants in their individual capacities under Rule 4(e), and that he had not complied with Rules 4(c) and 4(i) for service in their official capacities. (doc. 40 at 5-7.) The next day, Plaintiff was ordered to either file a valid return of service for each defendant no later than August 16, 2016, or to show cause why service could not be made. (doc. 41.) The order expressly stated that if Plaintiff failed to comply with the order's terms, it would result in a recommendation that the case be dismissed. (*Id.*) His motion for summary judgment was denied on August 24, 2016. (doc. 47.)

At Plaintiff's request, summonses were reissued for Defendants on August 9 and 10, 2016. (docs. 42-44.) On August 16, 2016, Plaintiff filed his *Response to Order,* explaining that he had not received emails and notices of what needed to be done because of a mistake in his email address, and that after receiving the notices, he had gone to the court house and requested re-issuance of all summonses. (doc. 45.) He asked for leniency and compassion and described family medical issues with which he was dealing. (*Id.*) The summonses issued to the United States, Defendants Tetreault,

3

O'Hare, and Hope were returned executed on September 8, 2016, and the summonses issued to Defendants Sauer, Johnson, Jones, Schwartz, and Turner were returned executed on September 23, 2016. (docs. 49-52, 54-58.)

On October 17, 2016, Defendants moved to dismiss the case for failure to timely and properly serve them under Fed. R. Civ. P. 4(m), and for failure to comply with the Court's order requiring valid service no later than August 16, 2016. (doc. 60.) On November 7, 2016, Plaintiff filed a response stating that each Defendant "was sent a completed filing of what the court received as required by the court." (doc. 62 at 2.) He again described his family members' medical issues and concluded with a request for leniency (*Id.*).

## II. RULE 4(m)

Rule 4(c) of the Federal Rules of Civil Procedure places the burden on the plaintiff to ensure that the defendants are properly served with summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). Service of process must be made within 120 days of filing a complaint or the action is subject to dismissal, without prejudice. Fed. R. Civ. P. 4(m).[2]

If a defendant is not timely served after the complaint is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Ayika v. Sutton*, 378 Fed. App'x, 432 434 (5th Cir. 2010) (per curiam) (citing Fed.R.Civ.P. 4(m)). "When the [] deadline has not expired, the court may dismiss the action without prejudice for insufficient service of process so the plaintiff may effect proper service" or "quash service and give the plaintiff an additional opportunity to properly effect service." *Coleman v. Bank of New York*

---

[2] Rule 4(m) was amended effective December 1, 2015, to reduce the 120-day time period for serving the complaint to 90 days. Because Plaintiff filed his action prior to the amendment, the longer time period is applied.

4

*Mellon*, 969 F.Supp.2d 736, 745–46 (N.D. Tex. 2013) (citations omitted). "[W]hen the time to effect service has expired," however, "the party attempting service has the burden of demonstrating 'good cause' for failure to serve the opposing party." *Kreimerman v. Casa Veerkamp*, 22 F.3d 634, 645 (5th Cir.1994) (citation omitted). What amounts to "good cause" under any particular set of circumstances is necessarily a fact-sensitive inquiry. *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996). At a minimum, "the plaintiff must demonstrate ... as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Id.* (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)). Of course, courts retain discretion to extend the time for service even in the absence of good cause. *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

Here, the 120-day deadline in Rule 4(m) for serving Defendants with process expired in September 2015. The order to show cause gave Plaintiff until August 16, 2016, to either file proof of proper service or to show cause why service could not be effected. He failed to do either. He must therefore demonstrate "good cause" for his failure to properly and timely serve process on Defendants. *See Kreimerman*, 22 F.3d at 645.

Plaintiff's response to Defendants' motion reiterates his request for leniency based on family members' medical issues. The initial order for service based on Plaintiff's payment of the filing fee included a copy of Rule 4, advised him of the deadline, and advised him of the possibility of dismissal. Prior to the expiration of the 120-day deadline in September 2015, the recommendations that his motions for default judgment be denied explained why his attempts at service of process were deficient. In a March 2016 letter, Defendants' attorney explained why his attempts at service were deficient. Defendant's notice of deficient service again explained why service was deficient,

5

and the recommendation that Plaintiff's summary judgment motion be denied also explained why service was deficient. Two years after the filing of his lawsuit, Plaintiff has still not shown that he has properly served any of the defendants, and he not demonstrated good cause for his failure to effect proper service. He was specifically warned on more than one occasion that failure to properly serve Defendants could result in dismissal of the case. Because Plaintiff has had multiple opportunities to properly serve Defendants and has failed to show good cause for his failure to do so at this juncture, dismissal is appropriate. *See Powell v. New Orleans City*, No. 11-2860, 2013 WL 356955, at *2 (E.D. La. Jan. 29, 2013) ("While this Court is cognizant that the Plaintiff is pro se, this Court finds that the plaintiff has had multiple opportunities to effect proper service on Defendants. Such failure to procure service fourteen months after the filing of suit, without good cause, is inexcusable."); *Jones v. Tidewater, Inc.*, No. 14-01245, 2015 WL 1649991, at *3 (E.D. La. Apr. 14, 2015)(dismissing claims, although mindful of the plaintiff's pro se status, where he had been given repeated opportunities to serve the defendants, had and failed to do so over six months without explanation); *Winegarner v. Cinemark Holdings, Inc.*, No. 4:09CV627, 2010 WL 5489617, at *5 (E.D.Tex. Oct. 27, 2010) (dismissing claims against defendant where the plaintiff had multiple opportunities to effect service but failed to do so); *Boyd v. KLLM Transport Services, Inc.*, No. 3:07-CV-117-WHB-LRA, 2008 WL 4544392, at *3 (S.D. Miss. Oct. 9, 2008) (dismissing claims where the plaintiff had been granted repeated opportunities to have process served but failed to do so).

Where the applicable statute of limitations likely bars future litigation, a dismissal under Rule 4(m) is reviewed under the same standard as a dismissal with prejudice. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir.2008). Dismissal with prejudice is "warranted only where 'a clear record of delay or contumacious conduct by the plaintiff' exists and a 'lesser sanction would

6

not better serve the interests of justice.'" *Id.* (quoting *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir.1981)). Additionally, courts have usually found "at least one of three aggravating factors: (1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* (citations omitted).

Assuming for purposes of this motion only that Plaintiff will be barred by limitations from litigating this employment action in the future, dismissal under this heightened standard is still appropriate. The length of time that has passed since Plaintiff filed this action, and his failure or refusal to properly serve Defendants despite several court orders and a letter from Defendant's counsel that specifically addressed the deficiencies in service, both demonstrate a clear record of delay and contumacious conduct that is only attributable to him. Because he has specifically been warned that failure to properly serve Defendants could result in dismissal of the action, and the deficiencies in service have been explained several times, a lesser sanction would not better serve the interests of justice.

### III. RECOMMENDATION

Defendants' motion to dismiss should be **GRANTED.**

**SIGNED** on this 24th day of May, 2017.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

   A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                      _____
                       IRMA CARRILLO RAMIREZ
                       UNITED STATES MAGISTRATE JUDGE